UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| KENNETH CRISSUP, | § | |
| | § | |
|     Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. 2:13-CV-137 |
| | § | |
| THOMAS GREENWELL, *et al*, | § | |
| | § | |
|     Defendants. | § | |

**ORDER DENYING PLAINTIFF'S
RULE 60(b) MOTION FOR NEW TRIAL**

By Order and Final Judgment entered August 7, 2013, the Court dismissed as frivolous and for failure to state a claim plaintiff's § 1983 allegations against his former criminal defense lawyer, as well as his claims against the Nueces County assistant district attorney who prosecuted plaintiff's criminal case, and the state court trial judge.  (See D.E. 8, 9, 10).  On August 16, 2013, plaintiff filed a motion for new trial pursuant to Rule 59(e), which the Court denied on August 27, 2013. (D.E. 12, 13).  On September 3, 2013, plaintiff filed a Notice of Appeal.  (D.E. 14).

On September 12, 2013, plaintiff filed a motion for reconsideration, which is construed as a motion for relief from judgment pursuant to Rule 60(b), Fed. R. Civ. P.[1] (D.E. 18).

---

[1] A motion seeking reconsideration of a final judgment filed outside of Rule 59(e)'s 28-day deadline limitation is considered properly under Rule 60, Fed. R. Civ. P.  See Demahy v. Schwarz Pharma, Inc., 702 F.3d 177, 182 n. 2 (5th Cir. 2012).

Rule 60(b) of the Federal Rules of Civil Procedure sets out five specific bases for granting relief from a final judgment: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence; (3) fraud, misrepresentation, or misconduct of an adverse party; (4) the judgment is void; and (5) satisfaction, discharge, or release of the judgment. Fed. R. Civ. P. 60(b)(1)-(5). In addition, Rule 60(b)(6) provides that a court may relieve a party from a final judgment for "any other reason that justifies relief". This "any other reason" clause is a "grand reservoir of equitable power" to do justice in a case when relief is not warranted by the five enumerated grounds; relief will be granted only if "extraordinary circumstances" are present. Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747 (5th Cir. 1995) (citations omitted). Rule 60(b) is not to be used as a substitute or alternative to appeal. Hill v. McDermott, Inc., 827 F.2d 1040, 1042 (5th Cir. 1987). Such a motion must be made within one year after entry of judgment for reasons (1), (2), and (3), and otherwise, within a reasonable time. Fed. R. Civ. P. 60(c).

In his Rule 60(b) motion, plaintiff re-urges the same arguments he presented in his Rule 59(e) motion and in his original complaint. He continues to challenge his state court criminal proceeding and claims that the trial judge, state prosecutor, and his criminal defense attorney engaged in a conspiracy. (D.E. 18 at 2). He maintains that the judge and state prosecutor are not entitled to immunity, and refuses to accept that his lawyer, even if court appointed, was not a state actor for purposes of § 1983 liability. He offers no new evidence or arguments, and the Court again finds that plaintiff's claims are not cognizable under § 1983 for all the reasons stated in the recommendation. (See D.E. 8).

Plaintiff has no basis for Rule 60(b) relief, and accordingly, his Rule 60(b) motion (D.E. 18) is DENIED.

ORDERED this 2nd day of October, 2013.

*(signature)*
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE